PAUL C. MOLONEY v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 188536

Memorandum filed November 13, 1974

*Paul C. Moloney*, pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the defendant.

SANTANIELLO, J. The above-entitled matter is an appeal from the decision of the unemployment commissioner for the first district affirming the administrator's disapproval of claims for benefits for an indefinite period of time effective December 9, 1973. The commissioner made the following findings of fact: (1) The plaintiff is thirty years of age, is married, and is the majority stockholder in Newcon Services, Inc., the only other stockholder being his wife; (2) the company is in the pool service business, and the plaintiff is the owner-operator of the business, which is in the corporate form; (3) the plaintiff in 1973 earned $10,400 in salary; (4) on or about December 9, 1973, the plaintiff laid off the remaining two employees and himself and filed for unemployment benefits; (5) the administrator disapproved the claim, finding that even though the company for whom the plaintiff worked was a corporation, he was actually self-employed, was unemployed during the slack season only, and intended to return to self-employment through his corporation on March 15, 1974; (6) the plaintiff contends that he is unemployed through no fault of his own; (7) as an officer of the corporation, he has the ability to hire, fire and lay off as he sees fit; (8) the company rents a store at 573 West Putnam Avenue, Greenwich, Connecticut, at a rate of $300 per month, which the plaintiff is paying on a twelve-month basis; (9) the plaintiff's efforts to find work have been in the recreational field, and he has applied for work at his competitors in the area; he further testified that although he has read the New York Times each Sunday for several months, he has been unable to find any advertisement that he considered within his field to answer for employment; (10) the

plaintiff intends to reopen his business on March 15, 1974; (11) he contends further that even though his business is operating, it would be unnecessary for him to work for his corporation if he could find suitable work in the sales field.

The plaintiff admits that he is an employee and the president of Newcon Services, Inc. He also admits to being the majority stockholder. He denies, however, that he has any control over the corporation. He further claims that his civil rights have been violated by virtue of the refusal to pay him unemployment compensation benefits. It is his contention that he could not put himself back on the payroll at any time he desired because, unless there was work to be done and money to be earned, there would be no need for placing an employee on the payroll. He said that employees return depending on whether they have not found more profitable employment elsewhere and that he was no different from any other employee of the corporation. He finally says that there has been absolutely no restriction on his availability for work.

The commissioner questions whether the plaintiff is genuinely out of work or whether he has decided not to pay himself during the period in which the corporation of which he is the head is not doing any business. That corporation does continue to exist, owns assets, does in effect maintain a store for operation, and pays rent thereon. It is further the intention of the plaintiff, as the majority stockholder of the corporation, to reactivate his business activities and to rehire himself at a date in March, 1974. The commissioner finds that unemployment benefits are meant for those who are unemployed through no act or cause of their own. Since the plaintiff, as the proprietor of a small corporation, has a right to hire, fire or lay himself off, he could have kept himself

on the payroll, drawing his $10,400 salary in twelve equal monthly instalments as easily as in eight or nine monthly instalments. The entire operation appears to be a subterfuge to circumvent the unemployment compensation laws. The commissioner further finds that the plaintiff did not unequivocally expose himself to the labor market by being able to work and available for work and by making a reasonable effort to find suitable work for each week in which benefits were sought.

Section 31-235 of the General Statutes provides that "[a]n unemployed individual shall be eligible to receive benefits . . . if it has been found that . . . (2) he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work." The evidence seems to indicate that the plaintiff did not make a reasonable effort to find employment in accordance with the interpretations of the Unemployment Compensation Act. The evidence further seems to indicate that he used up the available funds so as to leave his corporation without sufficient funds to pay the payroll during the period of December 15, 1973, to March 15, 1974, and even though the corporation continued to exist, maintaining a place for business and paying rent, it existed in name only because there were no employees to carry out any functions for it. The corporation and its officers had no intention of going out of business but intended to continue on a regular basis, taking what might be commonly known as a leave of absence for a period chosen by the majority stockholder and officer of the corporation when business was slow. It is apparent that the plaintiff decided to avail himself of unemployment benefits during this period with no real intention of seeking employment elsewhere but just to keep himself going during the lax period of his corporate business.

The law is well settled that "[a]n unemployment commissioner is an administrative officer. Upon an appeal from his decision the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the commissioner. It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily, or illegally. . . . The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the commissioner." *Bartlett* v. *Administrator*, 142 Conn. 497, 505. The finding by the commissioner that the plaintiff could put himself back on the payroll of the corporation at any time that he wishes to but has not done so leads ultimately to the conclusion that the plaintiff is restricting his availability to someone else or to a form of business other than the one that he controls. The commissioner then found that, this restriction of availability being contrary to law, the appeal must be dismissed.

In view of the plaintiff's placing of restrictions on his availability for work, the commissioner's conclusion that the plaintiff did not make reasonable efforts to obtain work cannot be considered by this court to be an abuse of discretion or arbitrary or illegal.

The appeal is dismissed.